**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jackar LOVE, Defendant-Appellant.**

**No. 16-10295**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2017 *

Filed July 17, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Merry Jean Chan, Esquire, J. Douglas Wilson, Assistant U.S. Attorney, DOJ-USAO, San Francisco, CA, for Plaintiff-Appellee

Joyce Leavitt, Esquire, Assistant Federal Public Defender, FPDCA—Federal Public Defender's Office (Oakland), Oakland, CA, for Defendant-Appellant

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Jackar Love appeals from the district court's judgment and challenges the 42-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Love contends that the district court improperly determined that his prior robbery conviction under California Penal Code § 211 was a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A) (2015) and, therefore, improperly determined his base offense level. This claim fails. Love necessarily committed either generic robbery or generic extortion, *see United States v. Becerril-Lopez*, 541 F.3d 881, 892 (9th Cir. 2008), both of which are enumerated crimes of violence. *See* U.S.S.G. § 4B1.2 cmt. n.1 (2015). Accordingly, his conviction is a categorical crime of violence. *See Becerril-Lopez*, 541 F.3d at 893 & n.10; *see also* U.S.S.G. § 2K2.1 cmt. n.1 (2015) (defining "crime of violence" as having the meaning given that term in section 4B1.2 and its Application Note 1). Contrary to

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Love's contention, the Supreme Court's holding in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), had no effect on the Guidelines. *See Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 895, 197 L.Ed.2d 145 (2017).

**AFFIRMED.**